THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DENISE WATKINS,

    Plaintiff,

v.                                                                                                  Civil No.

CHIEF SCHOOL BUS SERVICE, INC.,
and 3RD DEGREE SCREENING, INC.,

    Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, DENISE L. WATKINS ("Plaintiff" or "Ms. Watkins"), by Counsel, and for her Complaint against Defendants CHIEF SCHOOL BUS SERVICE, INC. ("Chief" or "Defendant Chief"), 3RD DEGREE SCREENING, INC. ("3rd Degree" or "Defendant 3rd Degree"), Plaintiff alleges the following:

### INTRODUCTION

1. This is an action for willful violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681a–x ("FCRA"), against Defendants Chief School Bus Service, Inc. and 3rd Degree Screening, Inc.

2. Chief operates a transportation service company based in Omaha, Nebraska.

3. As a part of its hiring process, Chief uses criminal-background reports generated by 3rd Degree to make employment decisions. Because Chief's employment decisions are based in whole or in part on the contents of the criminal-background reports, Chief is obligated to adhere to certain strictures of the FCRA.

4. Defendant 3rd Degree operates a national database of public records and related employment histories as a nationwide consumer reporting agency ("CRA"). 3rd Degree maintains

1

an FCRA database to prepare and furnish consumer reports for employment and other purposes. 3rd Degree provides these consumer reports to prospective and existing employers, including Chief. 3rd Degree provided a consumer report to Chief regarding Plaintiff. Chief refused to hire Plaintiff based in whole or in part on the contents of a 3rd Degree consumer report.

5. When using criminal-background reports for employment purposes, "users"—like Chief—must, before declining employment based in whole or in part on the contents of the report, provide job applicants like Plaintiff with a copy of their respective reports as well as a written summary of their rights under the FCRA. 15 U.S.C. § 1681b(b)(3). This requirement is commonly known as a pre-adverse action notice.

6. Providing a copy of the criminal-background report as well as a statement of consumer rights before making a final adverse employment decision arms the nation's millions of job applicants with the knowledge and information needed to challenge inaccurate, incomplete, and misleading public-records-based reports. The FCRA is designed to permit individuals ample time to identify and correct any inaccuracies before the employer makes an employment decision.

7. To complete the process of considering background reports and sending mandatory FCRA notices, Chief hired 3rd Degree. 3rd Degree operates in this and many instances as both the consumer reporting agency generating the background check as well as the agent of the employer to execute all decisions based on the information contained within the background check.

8. As set forth more fully below, Plaintiff was denied employment with Chief because of information in a 3rd Degree background check without Chief providing her with a copy of the report on which that decision was based and an opportunity to dispute or discuss the information with Chief before Chief made the decision not to hire her.

9. When 3rd Degree created the report that led to Chief denying Plaintiff employment, 3rd Degree failed to use reasonable procedures to assure that it only reported information about Plaintiff with *maximum possible accuracy*, as required by the FCRA. Because of 3rd Degree's procedural failures, 3rd Degree sold to Chief a report about Plaintiff that "verified" she was charged and convicted of crimes that she did not commit. Instead, the report contained her brother's criminal history under the name "Dennis Watkins."

10. Even though it is required under the FCRA, 3rd Degree did not provide Plaintiff with the proper notice that it was reporting information about her from the public record. Defendant 3rd Degree also violated the FCRA when it failed to provide Plaintiff with a full copy of Plaintiff's consumer file with 3rd Degree.

11. Plaintiff brings a claim against Chief under 15 U.S.C. § 1681b(b)(3), because Chief, as an omission in its hiring process, failed to provide Plaintiff with a copy of her criminal-background report or a summary of her rights under the FCRA before taking an adverse action against her.

12. Plaintiff brings a claim against 3rd Degree under 15 U.S.C. § 1681e(b). 3rd Degree is bound by the FCRA to use reasonable procedures to assure the maximum possible accuracy of the information it reports. 3rd Degree fails on this fundamental requirement of the FCRA because, in Plaintiff's case, 3rd Degree wrongly attributed Plaintiff's brother's criminal history as Plaintiff's on her report.

13. Plaintiff also brings a claim against 3rd Degree under 15 U.S.C. § 1681g. Plaintiff requested a full file disclosure from 3rd Degree, along with a list of all inquiries made to 3rd Degree for its report, after she realized the inaccuracies that were reported on her consumer report. Under the FCRA, 3rd Degree was required to provide Plaintiff's full file at the time of the request,

including the sources of information that 3rd Degree relied upon to compile Plaintiff's consumer report. 3rd Degree failed to provide the full file disclosure.

14. Finally, Plaintiff brings a claim against 3rd Degree under 15.U.S.C. § 1681k because 3rd Degree did not provide Plaintiff timely and lawful notice that it was furnishing an employment purposed consumer report at the time it did so. This important requirement is intended to provide consumers immediate notice of the furnishing of the employment report and details necessary to preemptively contact the reporting agency to obtain and, as appropriate, correct information furnished in the report. Section 1681k was also intended to alert the consumer to the employer's use of the report to provide the consumer with an opportunity to address any concerns or derogatory history in the report directly with the employer. 3rd Degree failed to comply with these long-standing requirements and denied Plaintiff these important rights.

## PARTIES

15. Plaintiff Denise Watkins is a "consumer" as defined by 15 U.S.C. § 1681a.

16. Plaintiff lives in Douglas City, Nebraska.

17. Defendant Chief is a for-profit corporation headquartered in Omaha, Nebraska.

18. Chief is also a "person" using "consumer reports" to make "employment decisions" and take "adverse action" against "consumers," as those terms are defined by 15 U.S.C. § 1681a.

19. Defendant 3rd Degree is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f), that compiles, sells, furnishes, and uses consumer reports and services in the State of Nebraska and throughout the United States.

## JURISDICITION AND VENUE

20. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

21. Venue is proper in the District of Nebraska because Defendants are subject to personal jurisdiction in this District and make employment decisions and/or sell consumer reports regarding individuals residing in this District. 28 U.S.C. § 1391(c). Further, Plaintiff is a resident of this District.

## FACTUAL ALLEGATIONS

### *Section 1681b(b)(3) of the FCRA Requires Employers to Provide Pre-Adverse Action Summary of Rights*

22. Section 1681b(b)(3)(A) of the FCRA regulates the conduct of any person who uses a "consumer report" to take an adverse action against any employees or prospective employees as follows:

> Except as provided in subparagraph (B) [in cases of a consumer applying for a position over which the Secretary of Transportation may establish qualifications], in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates –
>
> (i) a copy of the report; and
>
> (ii) a description in writing of the rights of the consumer under this subchapter, as prescribed by the Federal Trade Commission under section 1681g(c)(3) of this title.

23. The purpose of §1681b(b)(3)(A) is to provide a prospective or current employee a sufficient amount of time to: review the consumer report, correct any inaccuracies, notify the prospective employer of any inaccuracies before an adverse action is taken, and generally discuss the report with the prospective employer.

24. On or around February 2023, Plaintiff—without a job and desperately needing income—applied for a position as a bus driver with Defendant Chief.

25. As a part of its hiring process, Chief obtains background checks from third-party vendors (like 3rd Degree) on all potential employees.

26. Plaintiff consented to the background check and submitted her application.

27. Several months passed without Plaintiff receiving any communication from Chief.

28. Confused as to why she had not been contacted for an interview despite continuing to see job postings from Chief, Plaintiff asked her mother (an employee of Chief) to find out what had happened to her application.

29. Plaintiff's mother agreed to inquire with Chief and was informed that Plaintiff was not hired because her background "was not clean."

30. Alarmed by this information, Plaintiff drove to Chief's office and requested a copy of the consumer report that was used in determining Chief's employment decision. Plaintiff was told that Chief needed a week or two and that Chief would call her. After Chief did not call her, Plaintiff returned to Chief and asked for her consumer report again.

31. Chief then supplied Plaintiff with her consumer report, dated May 23, 2023, which it had obtained from Defendant 3rd Degree.

32. Plaintiff then requested that Chief provide her with the consumer report that was initially requested when Plaintiff applied for the position. Chief then gave Plaintiff another consumer report, obtained from 3rd Degree, which was dated March 3, 2023.

33. The consumer report dated March 3, 2023, which Chief relied upon in whole or in part in deciding not to hire Plaintiff, contained several criminal charges/convictions under the heading "Dennis Watkins", Plaintiff's twin brother.

34. Chief did not provide Plaintiff with a written summary of her FCRA rights before informing her that she would not be hired.

35. Chief did not provide a copy of the consumer report to Plaintiff to allow Plaintiff to discuss the report with Chief or otherwise respond before Chief took adverse action.

36. Chief failed to provide Plaintiff with any advance notice of the adverse action before denying her employment.

37. Upon information and belief, it is the standard hiring practice of Chief to rely on consumer reports to make employment decisions, and when the results of these reports are unsatisfactory, to fire or refuse to hire people on the spot without giving them proper notice of the adverse action in advance, without first providing them with a copy of their consumer report, and without providing them with a summary of their rights under the FCRA before taking the adverse action.

### *Section 1681e(b) of the FCRA requires CRAs to Follow Reasonable Procedures to Assure Maximum Possible Accuracy of Consumer Reports*

38. "Congress enacted the FCRA in 1970 out of concerns about abuses in the consumer reporting industry. *See* S. Rep. No. 91-517, at 3 (1969); 116 Cong. Rec. 35941 (1970) (statement of Sen. Proxmire); *id.* at 36570 (statement of Rep. Sullivan); . . . . In enacting FCRA Congress adopted a variety of measures designed to ensure that agencies report accurate information." *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 414-15 (4th Cir. 2001) "In recognition of the critical role that CRAs play in the credit markets and the serious consequences borne by consumers because of inaccurate information disseminated in consumer credit reports prepared by CRAs, Congress placed on a CRA what can only be described as very high legal duties of care, set forth . . . in 15 U.S.C. §§ 1681e(b), 1681i(a)(1)(A), and 1681i(a)(3)(A)." *Burke v. Experian Info. Sols., Inc.*, No. 1:10-cv-1064 AJT/TRJ, 2011 WL 1085874, at *4 (E.D. Va. Mar. 18, 2011).

39. "Section 1681e(b) sets forth the CRAs' overall du[t]y:

> (b) Accuracy of report. Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

*Burke*, 2011 WL 1085874, at *4.

40. Upon information and belief, Chief purchased a background check on Plaintiff from 3rd Degree for an employment purpose.

41. Thereafter, on or about March 3, 2023, 3rd Degree furnished Plaintiff's background report to Chief.

42. Unbeknownst to Plaintiff, the consumer report that 3rd Degree provided to Chief was full of criminal records that did not belong to her. Instead, these criminal records belonged to her brother, Dennis Watkins.

43. 3rd Degree did not issue a corrected report until a month later, well after Chief had made its decision not to hire Plaintiff based in whole/or in part on the inaccurate information in the first report.

### *Section 1681g of the FCRA Requires Full File Disclosures to Consumers and Section 1681k Requires Notice when Adverse Public Record Information is Reported to a Consumer's Prospective Employer*

44. Plaintiff requested her consumer disclosure and a list of all inquiries made to Defendant 3rd Degree for her report. 3rd degree refused to provide her full report.

45. When a consumer requests their consumer file section 1681g of the FCRA requires, among other things, a CRA to disclose "[a]ll information in the consumer's file at the time of the request; . . . . [t]he sources of information; . . . . identification of each person that procured a consumer report." 15 U.S.C. §1681g(a).

46. In addition to section 1681g disclosure requirements, 1681k of the FCRA states that when a CRA furnishes a consumer report for employment purposes, and the report contains public record information that is adverse, the CRA must "notify the consumer 'at the time' public record information is reported to a user." 15 U.S.C. § 1681k(a)(1).

47. Upon information and belief, Plaintiff received a written response from 3rd Degree regarding her formal request for her full file disclosure on or around October 23, 2023.

48. The file that 3rd Degree provided was not Plaintiff's full file because it only contained the report that 3rd Degree issued to Chief on or around May 26, 2023.

49. Additionally, the file disclosure contained no mention of the list of inquiries made to 3rd Degree requesting Plaintiff's report.

50. To date, Plaintiff has not received her full file disclosure as required by section 1681g of the FCRA.

51. Additionally, in violation of § 1681k of the FCRA, 3rd Degree did not notify Plaintiff when it reported public record information was likely to have an adverse effect on Plaintiff's ability to obtain employment to Chief.

52. In fact, Plaintiff only became aware of the inaccurate information contained within her consumer report after she repeatedly requested a copy of the report from Chief, months after not hearing anything from Chief concerning her employment application.

## DEFENDANTS ACTED WILFULLY

53. Defendants knew or should have known about their obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission.

54. To ensure knowing compliance with the FCRA, Congress requires that before any consumer reporting agency may provide consumer reports on a job applicant, the reporting agency must have obtained a certification from the employer that it will comply with 15 U.S.C. §1681b(b)(3) whenever the employer decides to take adverse action based in whole or in part on the consumer report. 15 U.S.C. § 1681b(b)(1)(A).

9

55. Before a person takes an adverse employment action, it must provide two documents to the prospective employee. *See* Letter from Clark W. Brinckerhoff to Erick J. Weisberg (June 27, 1997), FTC Informal Staff Letter ("Brinckerhoff Letter II") (noting that taking action a period of five business days after notice "appears reasonable."); *Williams v. Telespectrum, Inc.*, Civil Action No. 3:05cv853 (E.D. Va. 2006); *Beverly v. Wal-Mart Stores, Inc.*, Civil Action No 3:07cv469 (E.D. Va. 2009) (Consent Order providing ChoicePoint mailing of Adverse Action Notices on behalf of its customers shall occur no earlier than five business days after the mailing of the Pre-adverse Action Notices).

56. Defendants obtained or had available substantial written materials, which apprised them of their duties under the FCRA.

57. Upon information and belief, Defendant Chief knowingly executed a certification providing that it would comply with the various provisions of the FCRA whenever an adverse action was contemplated or taken based in whole or in part on information contained in a consumer report.

58. Despite its certification, Defendant Chief knowingly violated 15 U.S.C. § 1681b(b)(3).

59. Despite the legal obligations the FCRA requires, Defendant 3rd Degree knowingly violated 15 U.S.C. §§ 1681e(b), 1681g, and 1681k.

60. Each Defendant was informed of the necessary rigors that FCRA compliance imposes.

61. Both Defendants deprived Plaintiff of her rights under the FCRA.

62. As a result of these violations, Defendants are liable to Plaintiff for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive

damages pursuant to 15 U.S.C. § 1681n(a)(2) for the violations alleged herein, and for attorney's fees and costs pursuant to § 1681n and § 1681o.

### COUNT ONE – CLAIM AGAINST CHIEF
**Failure to Provide Pre-Adverse Action Notice – Copy of Report**
**15 U.S.C. § 1681b(b)(3)(A)(i)**

63. Plaintiff realleges and incorporates by reference all preceding allegations of law and fact.

64. Defendant Chief willfully violated 15 U.S.C. § 1681b(b)(3)(A)(i) by failing to provide a copy of the consumer report used to make an adverse employment decision to Plaintiff before taking adverse action that was based in whole or in part on that report.

65. Plaintiff seeks statutory damages for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

66. Plaintiff also seeks punitive damages for this violation pursuant to 15 U.S.C. § 1681n(a)(2) and equitable or/injunctive relief.

67. Plaintiff seeks attorney's fees and costs pursuant to 15 U.S.C. §§ 1681o and 1681n.

### COUNT TWO – CLAIM AGAINST CHIEF
**Failure to Provide Pre-Adverse Action Notice – Summary of Rights**
**15 U.S.C. § 1681b(b)(3)(A)(ii)**

68. Plaintiff realleges and incorporates by reference all preceding allegations of law and fact.

69. Defendant Chief willfully violated 15 U.S.C. § 1681b(b)(3)(A)(ii) by failing to provide a copy of the Summary of Rights required by the FCRA to Plaintiff before taking adverse action that was based in whole or in part on a consumer report.

70. Plaintiff seeks statutory damages for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

71. Plaintiff also seeks punitive damages for this violation pursuant to 15 U.S.C. § 1681n(a)(2) and equitable or/injunctive relief.

72. Plaintiff seeks attorney's fees and costs pursuant to 15 U.S.C. §§ 1681o and 1681n.

## COUNT THREE – CLAIM AGAINST 3RD DEGREE
## 15 U.S.C. § 1681e(b)

73. Plaintiff realleges and incorporates by reference all preceding allegations of law and fact.

74. Defendant 3rd Degree violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report it furnished regarding Plaintiff when it furnished a report about Plaintiff containing criminal records that did not belong to her.

75. Plaintiff seeks statutory damages for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A) and equitable and/or injunctive relief.

76. Plaintiff seeks punitive damages for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

77. In the alternative to the allegation that this violation was willful, Plaintiff alleges that the violation was negligent and seeks an appropriate remedy, if any, pursuant to 15 U.S.C. § 1681o.

## COUNT FOUR – CLAIM AGAINST 3RD DEGREE
## 15 U.S.C. § 1681g

78. Plaintiff realleges and incorporates by reference all proceeding allegations of law and fact.

79. Defendant 3rd Degree violated 15 U.S.C. § 1681g by failing to provide Plaintiff with the required disclosures upon Plaintiff's request.

80. Plaintiff seeks statutory damages for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

81. Plaintiff also seeks punitive damages for this violation pursuant to 15 U.S.C. § 1681n(a)(2) and equitable or/injunctive relief.

82. Plaintiff seeks attorney's fees and costs pursuant to 15 U.S.C. §§ 1681o and 1681n.

### COUNT FIVE – CLAIM AGAINST 3RD DEGREE
### 15 U.S.C. § 1681k(a)(1)

83. Plaintiff realleges and incorporates by reference all proceeding allegations of law and fact.

84. The consumer report of Plaintiff was furnished for an employment purpose and contained one or more public records of the type that may affect an employer's hiring decision.

85. On information and belief, 3rd Degree obtains public records including criminal records, civil liens, civil judgments, and civil bankruptcy information from a third-party consumer reporting agency and does not attempt to obtain information through its own courthouse searches or vendors.

86. On information and belief, 3rd Degree did not send the § 1681k disclosure to Plaintiff as required by the FCRA.

87. Upon information and belief, 3rd Degree does not maintain any procedure by which it ensures that the public-record information it reports to its customers is complete or up to date. 3rd Degree therefore cannot rely on this option for complying with 15 U.S.C. § 1681k(a).

88. 3rd Degree's failure to timely provide the FCRA notices to Plaintiff violated 15 U.S.C. § 1681k(a)(1).

89. Plaintiff seeks statutory damages for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

90. Plaintiff also seeks punitive damages for this violation pursuant to 15 U.S.C. § 1681n(a)(2) and equitable or/injunctive relief.

91. Plaintiff seeks attorney's fees and costs pursuant to 15 U.S.C. §§ 1681o and 1681n.

WHEREFORE, Plaintiff demands judgment for statutory and punitive damages against Defendants; for her attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate; and such other relief the Court does deem just, equitable, and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY.

Respectfully submitted,

DENISE L. WATKINS,

By: __/s/ Matthew S. Robertson_____
A.J. Stecklein
Matthew S. Robertson
Stecklein Robertson Law CHTD.
1503 Westport Road
Kansas City, Missouri 64111
Telephone: 913-371-0727
Facsimile: 913-371-0727
Email: aj@srlawkc.com
msr@srlawkc.com

By: __/s/ Craig C. Marchiando_____
Craig C. Marchiando, Esq. *(Pro Hac Vice Forthcoming)*
Adam W. Short, Esq. *(Pro Hac Vice Forthcoming)*
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: craig@clalegal.com
Email: adam@clalegal.com
*Attorneys for Plaintiff*

14